■ In the Matter of JESSIE M. GEER. LINDA BETTNER et al., Appellants-Respondents; MARILYN SMITH et al., Respondents-Appellants. (Appeal No. 1.) [652 NYS2d 560] —Appeal and cross appeal unanimously dismissed without costs (*see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeals from Order of Supreme Court, Livingston County, Smith, J.—Mental Hygiene Law.) Present—Pine, J. P., Fallon, Callahan, Balio and Davis, JJ.

■ In the Matter of JESSIE M. GEER. LINDA BETTNER et al., Appellants-Respondents; MARILYN SMITH et al., Respondents-Appellants. (Appeal No. 2.) [652 NYS2d 171] —Amended order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court lacked authority to direct respondents to pay a portion of the court evaluator's allowance awarded by the court. Pursuant to Mental Hygiene Law § 81.09 (f), where, as here, the petition seeking the appointment of a guardian pursuant to article 81 of the Mental Hygiene Law is denied or dismissed, "the court may award a reasonable allowance to a court evaluator * * * payable by the petitioner[s] or by the person alleged to be incapacitated, or both in such proportions as the court may deem just." Therefore, we vacate that part of the amended order directing payment of the allowance to the court evaluator and remit the matter to Supreme Court to determine whether petitioners, Jessie M. Geer, or both, must pay the reasonable allowance awarded to the court evaluator pursuant to the foregoing statute.

In all other respects, we affirm the amended order for reasons stated in the decision at Supreme Court (Smith, J.). (Appeals from Amended Order of Supreme Court, Livingston County, Smith, J.—Mental Hygiene Law.) Present—Pine, J. P., Fallon, Callahan, Balio and Davis, JJ.